UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN KEITH KOEHLER,

       Petitioner,

vs.    Case No. 3:05-cv-883-J-32MMH

JAMES R. MCDONOUGH, et al.,

       Respondents.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**[1]

    Petitioner initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 14, 2005.[2] He is proceeding on an Amended Petition (Doc. #18), filed March 2, 2006. Petitioner challenges his February 1, 2002, state court conviction for lewd and lascivious molestation on

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] The Petition was filed in this Court on September 16, 2005; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed his Petition and presumably handed it to prison authorities for mailing to this Court (September 14, 2005). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

the following ground: the state violated his right to a fair trial when it failed to conduct deoxyribonucleic (hereinafter DNA) testing on some dried yellow material that was recovered from the victim's genital area.[3]

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[3] Petitioner abandoned grounds two and three of the Amended Petition in accordance with the Court's Order (Doc. #20), filed March 14, 2006. See Notice of Abandonment (Doc. #21), filed March 23, 2006.

2

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year limitations period as set forth in this new subsection. See Response to Petition for Writ of Habeas Corpus (Doc. #27) (hereinafter Response), filed May 8, 2006, at 4-8.

The judgment under attack in the Petition was entered on February 1, 2002. Petition at 1; Ex.[4] A at 26-27, 79, 87; Ex. N at 2. Petitioner did not file a direct appeal; therefore, his conviction became final thirty days later on March 3, 2002. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Thus, Petitioner should have filed his Petition in this Court on or before March 3,

---

[4] The Court hereinafter refers to the Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. #29), filed May 10, 2006, as "Ex."

2003, unless he had any properly-filed applications pending in state court that tolled the one-year limitations period.

As noted by Respondents, Petitioner did not file any applications for post-conviction relief in state court until May 15, 2003, when handed a Motion for DNA Evidence Examination to prison authorities for mailing to the trial court. See Response at 5; Ex. H at 1-8. Even assuming arguendo that this motion was properly filed, it did not toll the federal one-year limitations period because it had already expired on March 3, 2003. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner appears to be arguing that the limitations period should run from the date he became aware of the assessment from the Children's Crisis Center, which referenced the dried yellow material in question. See 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). He

4

contends that he did not learn of this report until after he violated his probation.  See Answer Brief (Doc. #30), filed June 21, 2006, at 3.

The Court finds this argument unpersuasive.  The person who wrote the report in question, Michelle Muskus, was listed as a witness in the state's October 24, 2001, Response to Demand and Demand for Reciprocal Discovery.  Ex. A at 12.  Clearly, counsel for Petitioner was either aware of this report prior to Petitioner's February 1, 2002, plea or the report could have been obtained by the Petitioner through the exercise of due diligence prior to his plea.

Even assuming arguendo that this action was timely filed, the Respondents contend, and this Court agrees, that Petitioner did not fairly present his claim in ground one to the state courts.  Therefore, it is procedurally barred.  See Response at 8-12.  Finally, even if this Court assumes Petitioner properly exhausted his claim in state court, the claim is without merit for the reasons stated by the Respondents in their Response.  See Response at 13-19.

Therefore, for all of the above-stated reasons, it is now
   **ADJUDGED:**

1.   The Amended Petition (Doc. #18) is **DENIED.**

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of August, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 8/7
c:
Brian Keith Koehler
Assistant Attorney General Edward C. Hill, Jr.